UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:01-CR-118 |
| | ) | (VARLAN/SHIRLEY) |
| GARY DEVON MILLER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 21], and defendant's Motion for Immediate Judgment on Defendant's Motion for Reduction of Sentence [Doc. 22], in which defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The Government has responded in opposition to defendant's request for a reduction of sentence [Doc. 23] and defendant has filed a reply [Doc. 24]. Thus, defendant's motions are now ripe for determination.

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th

Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine power offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy

<hr />

statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt.. n.1(B).

## II.    Analysis

Defendant pled guilty to and was convicted of possession with the intent to distribute at least 50 grams but less than 150 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). His sentence was based on the cocaine base guidelines in effect prior to November 1, 2007, and thus is affected by Amendment 706 to the Sentencing Guidelines. Accordingly, the Court may reduce defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

At the time of the sentencing, the Court held the defendant accountable for 144.3 grams of cocaine base. The base offense level for offenses involving at least 50 grams but less than 150 grams of cocaine base in effect at the time of sentencing was 32. Defendant's

offense level was reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b). Defendant's criminal history category is V. Accordingly, defendant faced a sentencing guideline range of 140 to 175 months. After the amendment to the sentencing guidelines, defendant's base offense level for offenses involving at least 50 grams but less than 150 grams of cocaine base is 30. Applying the same three level reduction pursuant to U.S.S.G. §§ 3E1.1(a), (b), defendant's amended guideline range is 120 to 150 months.

At sentencing, the Court granted the government's motion for downward departure and defendant was sentenced to 105 months' imprisonment. On November 28, 2005, defendant's sentence was amended pursuant to a Rule 35 motion for downward departure filed by the government, and defendant's sentence was reduced to 91 months.[1] This represents a 35% reduction from the low end of the guideline range. Because defendant's original sentence as amended was less than the term of imprisonment provided by the advisory guideline range applicable at the time of sentencing, the Court may impose a sentence with a comparable reduction from the amended guideline range. *See* U.S.S.G. § 1B1.10 (b)(2)(B). Application of the same percentage reduction from the amended guideline range would result in a sentence of 78 months.

---

[1] The Court notes that the government recommended a sentence of 90 or 91 months (the government's motion is internally inconsistent) based upon the defendant's assistance. The Court imposed a 35% reduction in sentence from the guideline range consistent with the government's recommendation.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for cocaine bases and cocaine powder. The Court considered the § 3553 factors previously at defendant's sentencing and ultimately determined that a 35% reduction from the low end of the guideline range was appropriate. Accordingly, the Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining whether a comparable reduction is appropriate.

The new information available to the Court involves defendant's post-sentencing conduct. The government opposes a reduction in defendant's sentence on the basis of defendant's misconduct while incarcerated. Defendant has been sanctioned on two occasions since his sentencing. On September 4, 2002, defendant lost 27 days of good time credit for possessing intoxicants and, on May 2, 2007, defendant lost 40 days of good time credit and was placed in 60 days of disciplinary segregation for the purpose of deterring future behavior for the use of drugs. The government argues that this conduct demonstrates that defendant

has not been rehabilitated despite his incarceration, that he is likely to recidivate, and that the Bureau of Prisons drug treatment program in which the defendant participated in 2003 failed to deter his drug use. The government further argues that a reduction in defendant's sentence would effectively negate his loss of good time credit and thus he would not be punished for his misconduct while incarcerated.

At least one district court has determined that a defendant's misconduct in prison does not demand denial of a motion for a reduction in sentence. *See United States v. Ayala*, 2008 WL 555525, at *3 (W.D. Va. Feb. 26, 2008). In *Ayala*, the court recognized that the Bureau of Prisons was free to punish the defendant by withholding good time credit or, if it determined that withholding good time credit is insufficient, to prosecute the inmate for his criminal conduct while incarcerated, regardless of the court's grant of a reduction in sentence. *Id.* This Court agrees that it should not endeavor to punish any misconduct through a denial of defendant's request for a reduction in his sentence, but the Court will consider defendant's misconduct as a factor in considering whether a reduction in sentence is appropriate.

In addition to defendant's misconduct, the government notes that, as of January 10, 2008, defendant's security classification is "high." Defendant responds that this classification is based, in part, on the fact that defendant has a pending state sentence to serve following his release from federal custody and that this classification should not bar a reduction of his federal sentence. The Court notes that defendant has also engaged in positive conduct while incarcerated. This conduct includes defendant obtaining his GED

and completing classes in English proficiency, financial responsibility, basic masonry, and drug education.

The Court also considers the danger to the community as the result of any reduction in defendant's sentence. Defendant has one prior juvenile conviction for aggravated assault and adult convictions for robbery, attempted aggravated robbery, and aggravated robbery. These prior convictions for violent felonies present a risk of danger to the community. However, defendant will be transferred to the Tennessee Department of Correction, and therefore will not immediately return to the community upon release from federal prison, although a reduction in his sentence will result in defendant reentering the community sooner than he otherwise would without the reduction.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. However, the Court will not give defendant the full 35% reduction below the guideline range that was initially given on account of defendant's post-sentencing conduct. The Court recognizes the government's concern regarding defendant's misconduct while incarcerated, particularly due to the fact that this conduct was related to the possession and use of drugs and intoxicants. Accordingly, the Court will reduce defendant's sentence to 84 months, which reflects a 30% reduction from the amended guideline range, or time served, whichever is greater.

7

## III. Conclusion

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 21], and defendant's Motion for Immediate Judgment on Defendant's Motion for Reduction of Sentence [Doc. 22] will be **GRANTED** and defendant's sentence will be reduced to 84 months or time served, whichever is greater. Order to follow.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
